# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1279V
(not to be published)

| | |
|---|---|
| SALINA M. FLORES,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 30, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*John Cantrell*, Law Office of John R. Cantrell, Hammond, IN, for Petitioner.

*Parisa Tabassian*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On September 28, 2020, Salina M. Flores filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine received on or about September 29, 2017. Petition at 1. On Aug. 29, 2022, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 43.

Petitioner has now filed a motion for attorney's fees, requesting an award of $8,390.60 for attorney's fees in this matter. Petitioner's counsel is not requesting any costs associated with this matter. *Id.* at 5. Petitioner's Application for Attorney's Fees

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

("Motion") filed Mar. 28, 2023, ECF No. 50. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 50-1.

Respondent reacted to the motion on Mar. 28, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 51. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

A. <u>Hourly Rates</u>

Petitioner requests compensation for her attorney, John R. Cantrell, at the hourly rate of $350 for all time billed in the 2017-2022 period. ECF No. 50-3. Mr. Cantrell has been a licensed attorney in Indiana since 2001, placing him in the range of attorneys with 20 - 30 years experience on the OSM Attorneys' Forum Hourly Rate Schedule.[3] *Id*. at 5. In light of his overall experience and considering the OSM guidelines applied to attorney rates, Mr. Cantrell's requested rate is reasonable, and I award it herein.

Mr. Cantrell, however, has requested the rate of $175 for paralegal tasks performed between 2020-21. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal in a given year. *See, e.g. Doe/11 v. Sec'y of Health & Hum. Servs*., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Hum. Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Hum. Servs*., 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Hum. Servs*., No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). Since Mr. Cantrell's $175 rate exceeds the OSM Attorneys' Forum Range for the time period requested, I shall instead compensate this time at the reduced rate of $163 per hour for paralegal tasks performed between 2020-21. This rate is more comparable to what a paralegal would receive for said years. This reduces the amount of fees to be awarded by **$31.20**.[4]

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$8,359.40 representing attorney's fees incurred, as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, John R. Cantrell.**

---

[3] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914

[4] This amount is calculated as follows: ($175 - $163 = $12 x 2.60hrs = $31.20).

3

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.